UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN ANDREW GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case Nos. 1:20-cv-00252-BLW,<br>1:15-cr-000232-EJL-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Petitioner Justin Andrew Gomez's (Gomez) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1). Gomez alleges ineffective assistance of counsel on the grounds that counsel failed to challenge Gomez's career offender status based on his prior California drug conviction. The Court has determined that the evidence in the record is sufficient for a decision on this matter and an evidentiary hearing is unnecessary. For the reasons explained below, the Court will deny the motion.[1]

---

[1] Gomez has also submitted a Motion to Stay the proceedings (Civ. Dkt. 8), citing difficulties accessing legal research or assistance due to prison lockdown. He claims he therefore (Continued)

# BACKGROUND

On September 22, 2015, Gomez was Indicted for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. *See* Crim. Dkt. 18. Following a jury trial, Gomez was acquitted on the conspiracy charge but found guilty of possession with intent to distribute methamphetamine. Crim. Dkt. 99.

Probation prepared a presentence investigation report and determined Gomez's base offense level to be 30. *See* Crim. Dkt. 103 at 6. Probation also determined that Gomez was a career offender under U.S.S.G. § 4B1.1(a) based on two prior convictions in California: (1) assault with a firearm on a person in violation of Cal. Penal Code § 245(a)(2) and (2) possession of a controlled substance for sale under Cal. Health & Safety Code § 11378. *Id* at 6-8. Based on his career offender status, Gomez's total offense level adjusted to 37, which yielded a sentencing range of 360 months to life. *Id*. at 11. He was ultimately sentenced to 240 months and 5 years supervised release, well below the guideline range. *See* Crim. Dkt. 136.

---

cannot exhaust his administrative remedies. It is unclear what "administrative remedies" Gomez is referring to. To the extent Gomez is requesting an extension of time to file a reply, Gomez submitted the motion weeks after a reply was due. *See* Civ. Dkt. 6. In any event, the Court finds that a reply is unnecessary and will decide the matter based on the briefing before the Court.

Gomez's counsel unsuccessfully objected to the career offender adjustment, arguing that the assault with a firearm conviction was not a "crime of violence" under U.S.S.G. § 4B1.2. *See* Dkt. 123. He further argued that mitigating factors weighed in favor of a minimum sentence. However, counsel did not challenge Gomez's career offender status based on his conviction under Cal. Health & Safety Code § 11378.

On appeal, Gomez challenged his career offender status, this time based on his prior drug conviction under § 11378. *See United States v. Gomez*, 789 Fed. Appx. 80 (9th Cir. 2020). Gomez argued § 11378 was overbroad because the statute included "geometric isomers" in the definition of methamphetamine where the federal statutory counterpart under the Controlled Substances Act (CSA) only included "optical isomers." *Id.* at 80. Ultimately, the Ninth Circuit affirmed the district court's ruling under the plain error standard because Gomez's argument hinged on both an "unsettled question of law" and the "unresolved question of fact of the isomer's existence." *Id.* at 80-81.

On May 26, 2020, Gomez filed the present Motion where he alleges 1) the district court violated his right to due process by failing to apply the categorical approach to his California drug conviction under § 11378 and 2) his counsel's performance fell below the standard delineated in *Strickland v. Washington*, 466

MEMORANDUM DECISION AND ORDER - 3

U.S. 668 (1984). *See* Civ. Dkt. 1-1 at 4-8. Because of the Ninth Circuit's decision, the court will only consider the ineffective assistance of counsel claim. *See Gomez*, 789 Fed. Appx. at 80-81.

## LEGAL STANDARD

**1.      28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

### 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. Specifically, to

prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).

The Court must apply a strong presumption that counsel's representation fell within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "The defendant bears the burden of overcoming the strong presumption that counsel performed adequately." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). Even if a petitioner can demonstrate the first prong, they must also show that prejudice resulted from counsel's deficient performance. *Strickland*, 466 U.S. at 694.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the Strickland test in either order. *See Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id*.

## ANALYSIS

Gomez claims his sentencing counsel provided ineffective assistance by failing to challenge his career offender status based on his California drug conviction. He claims that, because counsel never raised this objection, the

Government never had to prove his conviction qualified as a felony drug enhancement for sentencing enhancement purposes. Furthermore, he claims that counsel's failure resulted in prejudice because, had counsel argued that the California drug conviction did not constitute a federal drug offense due to § 11378's inclusion of geometric isomers in the definition of methamphetamine, he would have received a shorter sentence.

Since his appeal, the Ninth Circuit has determined that California's definition of methamphetamine is a categorical match to the definition under the federal CSA. *See United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1154 n. 5 (9th Cir. 2020). Therefore, Gomez cannot demonstrate prejudice. *See Strickland*, 466 U.S. at 697. Accordingly, the Motion will be dismissed.

## ORDER

NOW THERFORE IT IS HEREBY ORDERED THAT:

1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1/ Crim. Dkt. 157) is **DISMISSED**.
2) Petitioner's Motion to Stay (Civ. Dkt. 8) is **DENIED**.

DATED: May 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge